## Frey, Appellant, v. Paul, Admr.

Argued December 18, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*William Kendall,* for appellant.

*Michael J. Geraghty,* for appellee.

PER CURIAM, January 29, 1937:

The learned court below refused the plaintiff's mo-

tions for a new trial and for judgment non obstante veredicto. Its action is sustained by the following extracts from the opinion of Judge GLASS:

"This is an action in interpleader. The plaintiff, Minnie Frey, had instituted a suit in assumpsit against the defendant, Odessa Independent Beneficial Association, to recover an endowment of five hundred dollars on the death of her husband, Harry Paul. Claim for the endowment was also made by David Paul, Administrator c. t. a. of the Estate of Harry Paul, deceased; whereupon the defendant filed a petition for leave to pay the money into court and to interplead. The said petition was allowed and leave was granted. The defendant paid into court the sum of five hundred dollars, less seventy-five dollars (which represented fifty dollars, the cost of erecting a tombstone upon the grave of the said Harry Paul, and twenty-five dollars as counsel fee to the attorney for the plaintiff). The issue as to who was entitled to the fund was tried by the writer of this opinion without a jury.

"The evidence at the trial disclosed that the said Harry Paul died on November 12, 1934; and that at the time of his death he was a member in good standing of the defendant association; that upon the death of a member an endowment of about five hundred dollars, (depending upon the total membership) was payable......

"The deceased died without issue and left a will, which was admitted to probate, in which he [specifically disposed of the endowment death benefit in said association and] directed the defendant to pay one dollar to his wife, Minnie, and no more, and the balance to his brother, David Paul, to be divided by him [with his two sisters]......

"Letters [of administration c. t. a.] were granted to David Paul, one of the claimants herein......

"The widow remarried on January 20, 1935.

"The court found in favor of David Paul, the administrator of the Estate of Harry Paul, deceased, and directed that the money paid in court be paid to the said David Paul, administrator c. t. a. of the estate of Harry Paul, deceased.

"The plaintiff, Minnie Frey, filed motions and reasons for a new trial and for judgment in her favor notwithstanding the finding. As already indicated, the only issue here was: Who is entitled to the fund? The provisions of the constitution and by-laws of the association are very vague and indefinite. They make no definite provision for beneficiaries. The only definite provision is that contained in Section 13, which reads: 'Where a will is left the member's wishes shall be adhered to.' In the instant case the member did leave a will and made explicit directions as to the payment of the endowment. He had the right, in the absence of any provisions to the contrary, to make such provision."

We agree with the court below that the extracts from the constitution and by-laws offered in evidence make no definite provision for beneficiaries. The section relied on by the appellant, (Art. 9, sec. 1), does not provide that on the death of a member leaving a wife, she shall receive the endowment benefit, but only that upon death of a member *or his wife,* who are entitled to benefits, that is, who are in good standing, the association shall pay all necessary funeral expenses.

The judgment is affirmed.